Davis, J:,
dissenting. This case is a contest between the two insurance companies. Plaintiff below, defendant in error here, is a merely nominal *163 party; for it was conceded in the oral argument that if the plaintiff in error should prevail in this action the Connecticut company would be liable and would pay its proportion of the loss without further contention. Yet the majority opinion.is grounded on the proposition that the insured was ignorant of the fact that Lamb was no longer the agent of the Connecticut company and therefore had the right to elect to treat him as the agent of that company and to hold his acts to be a revocation of that company’s contract. I see no reason to controvert that proposition here, but in my opinion it has no application in a controversy between the two insurance companies. And it seems very plain to me that'in this case, in which each of the insurance companies is trying to escape liability and put it upon the other, it does not lie in the mouth of the Connecticut company to repudiate Lamb as its agent and in the same breath claim him to be its agent for the purpose of abrogating its contract, an agency which it is' more than probable that it would have also repudiated if no loss had occurred. Neither could Lamb act as the agent of both companies in a matter in which their interests were, or might become, adverse. In these respects and in several others' ably set forth in the brief of counsel for the plaintiff in error, it appears to me that the decision of the majority runs counter to settled principles of the law; and that it has no justification whatever, unless it be as a .punishment to the plaintiff in error for having unwittingly employed an unprincipled man as its agent.